**UNITED STATES of America,**

v.

**MARCEN LABORATORIES, INC., a corporation, and Raphael A. Marotta, an Individual, Defendants.**

**No. 75 Cr. 1200–LFM.**

United States District Court, S. D. New York.

June 11, 1976.

Bromsen, Gammerman, Altier & Wayne, New York City, for defendants.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, by Lawrence B. Pedowitz, Asst. U. S. Atty., Arthur N. Levine and Donald O. Beers, Attys., Food and Drug Administration, New York City, for United States.

## OPINION

MacMAHON, District Judge.

Defendants move to dismiss the information, claiming that the statute on which the charges are based is unconstitutional. Defendants pled guilty on January 20, 1976, but, before accepting their pleas, we approved a stipulation between counsel which provides that the pleas could be withdrawn if defendants should prevail on their instant motion.

The information charges that defendants introduced into interstate commerce "new

drugs," in violation of the Federal Food, Drug and Cosmetic Act of 1938, as amended, 21 U.S.C. § 301 et seq. ("the Act"). The Act establishes a system of premarketing clearance for drugs. Certain drugs designated as "new drugs" by the Food and Drug Administration ("FDA") cannot be sold in interstate commerce unless a new drug application ("NDA") is approved by the FDA. The FDA is to determine the status of a drug pursuant to the definition set out in § 321(p) of the Act. That section provides that a "new drug" is any drug "not generally recognized, among experts qualified by scientific training and experience to evaluate the safety and effectiveness of drugs, as safe and effective for use under the conditions prescribed, recommended, or suggested in the labeling thereof . . . ." Defendants contend that this definition of "new drug" is unconstitutionally vague and therefore cannot support a criminal conviction.

It is a basic principle of due process that a criminal statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he can act accordingly. A statute will be void for vagueness if its prohibitions are not clearly defined.[1]

In non-First Amendment cases, however, a vagueness challenge must be examined in the context of the facts of each case.[2] Here, the fact that the general public is unable adequately to protect itself in the purchase of food and drugs imposes a high degree of responsibility on those who profit from their manufacture and sale and affects their obligations under regulatory legislation.[3] A regulatory statute in the food and drug industry is not invalid because there may be difficulty in determining whether certain marginal offenses fall within the prohibited area.[4] A person who has received fair warning of the criminality of his own conduct cannot attack a statute because the language would not give similar fair warning to other individuals that their conduct is also prohibited.[5]

The facts cannot support defendants' claim that they did not know that the drugs sold by them were "new" within the meaning of the Act. The FDA has complete authority to determine which drugs are "new" and require an approved NDA in order to be sold to the public.[6] Defendants were aware, with respect to every count to which they pled guilty, that the drugs were considered to be "new drugs" without an approved NDA.

Defendant corporation admitted, with respect to each drug mentioned in Counts 21, 22, 24 and 30, that there had been at least one seizure by the FDA and that the FDA considered the drug to be a "new drug." Moreover, there had been at least one hearing under § 355 of the Act where defendant was able to contest the "new drug" designation. As to Count 31, to which defendant Marotta pled guilty as an individual, there was a § 355 hearing, publication in the Federal Register, and a letter to defendant Marotta stating that the FDA considered the drug to be a "new drug."[7] Since both defendants received actual notice that the FDA considered the subject drugs "new drugs" and knew that there was no effective NDA permitting their sale, defendants are in no position to claim that

1. *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

2. *United States v. Mazurie,* 419 U.S. 544, 553, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975); *United States v. National Dairy Products Corp.,* 372 U.S. 29, 32–33, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963).

3. *United States v. Wiesenfeld Warehouse Co.,* 376 U.S. 86, 91, 84 S.Ct. 559, 11 L.Ed.2d 536 (1964); *United States v. Dotterweich,* 320 U.S. 277, 280, 64 S.Ct. 134, 88 L.Ed. 48 (1943).

4. *United States v. National Dairy Products Corp., supra.*

5. *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974).

6. *Weinberger v. Hynson, Westcott & Dunning, Inc.,* 412 U.S. 609, 624, 93 S.Ct. 2469, 37 L.Ed.2d 207 (1973).

7. Transcript of January 20, 1976, pp. 19–22.

they were unable to guide their conduct so as to avoid criminal liability.

Accordingly, defendants' motion to dismiss the information is denied.

So ordered.